[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties are before the court on defendant's motion for contempt. The parties further agreed to the court considering plaintiff's motion for advice and plaintiff's two motions for contempt.
Defendant's motion for contempt arises from the November 8, 1996 decision wherein the court ordered the parties to jointly execute a listing agreement in order for property located in Littletown, New Hampshire to be sold in accordance with the judgment entered between the parties in 1991. Although the motion would now appear to be moot in light of the fact that the property has been sold and both parties have executed a sales agreement selling the property to a third party, defendant went forward with his motion for contempt. The court finds, based upon the more credible evidence, plaintiff to be in contempt of the November 8, 1996 order in that she did not comply with the order to list the property "forthwith".
In adjudging plaintiff in contempt, the court orders that the plaintiff pay counsel fees incurred on behalf of the defendant in this proceeding in the amount of $2000 for time expended on the contempt proceeding which has been ongoing since January, 1997.
Also before this court is a motion for advice to determine the reasonable and ordinary expenses incurred in the sale of the Littletown, New Hampshire property and determination of the net proceeds to be paid to each party and disbursement of the funds. The court is bound by the terms of the original judgment which provides inter alia "upon closing of title, after payment of the CT Page 10010 real estate commission and all customary closing fees, the net proceeds shall be equally divided between the parties."
The sales contract executed by both parties at a sales price of $60,000 sets forth two other conditions, (a) that seller shall be responsible for the clearing of the property and (2) that buyer and seller shall share in the cost of the New Hampshire transfer tax. Further, an order of the court dated February 21, 1992 also provides that upon the sale of the New Hampshire property, plaintiff shall pay to defendant the sum of $5000 from her net proceeds. Therefore, the court orders the proceeds based upon the $60,000 purchase price to be divided equally after payment of the real estate commission and all customary closing fees, to wit: the real estate commission in the amount of $6000, attorneys fees in the amount of $450, sellers' share of the New Hampshire transfer tax in the amount of $300, pro rata taxes from 4/1/97 to 9/30/97 in the amount of $848.38, the cost of the power line easement in the amount of $1000, and any other customary costs of closing in New Hampshire. From plaintiff's share of the net proceeds, it is ordered that she will pay to defendant the sum of $100 representing her share of the cost of the clearing of the land and $1,191.63 which represents her share of real estate taxes defendant has paid on the property which she is obligated to pay per the order of the court in the February, 1991 judgment.
Also before the court is plaintiff's motion for contempt stating that defendant failed to pay his one-half of the mortgage to Fleet Bank, and two outstanding bills to Taft School in the amounts of $292.67 and $15.07, together with attorney's fees in bringing these motions.
As to the payment of the one-half of the mortgage, defendant was ordered by the court in the 1991 decision to pay same amount until the property in New Hampshire sold. Although evidence was presented regarding the defendant's offer to purchase plaintiff's interest in the property, the court finds that a sale was not effectuated as there was no offer and acceptance and no meeting of the minds and therefore under the original judgment, defendant must share in the payment of the mortgage which amount totals $3,284.05. As to the payment of the two Taft School bills, based upon testimony and review of the transcript of the proceedings before the Honorable Dennis F. Harrigan, the court does not find that the court ruled that these two specific bills were ordinary and reasonable expenses CT Page 10011 for secondary education and proper.
Therefore, the court finds defendant in contempt as to the court order requiring him to pay one-half of the Fleet Bank mortgage and orders that said amount shall be deducted from his net proceeds from the sale of the New Hampshire property and paid to plaintiff. The court does not find defendant in contempt with regard to the non-payment of the two Taft School bills as they are not ordinary and reasonable expenses for secondary education and therefore not ordered by the court to be paid by defendant. No further order of counsel fees is made for to do so would distort the structure of these court orders.
SWIENTON, J.